■ COMBUSTION ENGINEERING, INC., Respondent, v TRAVELERS INDEMNITY COMPANY et al., Defendants, and AETNA CASUALTY AND SURETY COMPANY, Appellant.—Order, Supreme Court, New York County, entered June

20, 1979, granting the motion of defendant Aetna Casualty and Surety Company to dismiss the complaint against it as to the first cause of action, and denying the motion as to the second cause of action, so far as appealed from by defendant Aetna, is reversed, on the law, with costs to defendant Aetna, and the motion of defendant Aetna to dismiss the second cause of action is granted. Plaintiff Combustion is the insured under a number of liability policies issued by the various defendants. It furnished a nuclear steam supply system, related equipment, and nuclear fuel to Consumers Power Company, an electric utility in Michigan. Consumers Power contended that the nuclear system furnished by Combustion was defective, and that as a result it had sustained damages estimated between $300 million and $1 billion. Consumers Power sued Combustion in a United States District Court in Michigan. The action was ultimately settled for a package of cash, goods and services, to be furnished in part in the future, which Combustion values at "in excess of $36 million." Combustion thereupon brought the present action against its various insurance companies. The complaint contains two causes of action, the first is for $36 million, the amount of the settlement. The second cause of action is for declaratory judgment, "In the event that the Court shall not grant judgment to Combustion for said $36 million," declaring the defendants to be liable to Combustion for the amount of the settlement agreement, and that defendants should at the time of fulfillment of the settlement pay to Combustion any amounts of the settlement agreement that Combustion shall thereafter fulfill to Consumers Power. All the defendants insurers, primary as well as excess, are parties to both causes of action. Defendant Aetna's policy was an excess policy, under which Aetna was liable only for a portion of the liability in excess of a floor of $50 million. The first cause of action has been dismissed against Aetna and no appeal has been taken from that. Special Term denied Aetna's motion to dismiss as to the second cause of action on the ground that it was possible that events might occur in the future to bring the liability over the $50 million floor, and that, in that event, the reasonableness of the settlement of Consumers Power might become relevant as against Aetna and that the issue should be determined only once. Accordingly, Special Term, in the exercise of its discretion, determined to entertain the action for a declaratory judgment and to permit that cause of action to be continued against Aetna as well as the other defendants. In this respect we disagree with Special Term and think that, on the present state of the record, the court is without jurisdiction as a matter of law to entertain this declaratory judgment action as against Aetna. A declaratory judgment may not be granted if it will only result in an advisory opinion. (*New York Public Interest Research Group v Carey*, 42 NY2d 527, 529-530.) There must be "a genuine legal dispute" (p 530). In the *New York Public Interest Research* case, the Court of Appeals said (p 531): "But a request for a declaratory judgment is premature if the future event is beyond the control of the parties and may never occur (*Prashker v United States Guar. Co.*, 1 NY2d 584). Then any determination the court may make would be merely advisory since it can have no immediate effect and may never resolve anything (Borchard, Declaratory Judgments, pp 58-60). Thus it is settled that the 'courts will not entertain a declaratory judgment action when any decree that the court might issue will become effective only upon the occurrence of a future event that may or may not come to pass' (3 Weinstein-Korn-Miller, *op. cit.*, par 3001.09b)." The disability of the courts to entertain a declaratory judgment action in such circumstances is not merely a matter of discretion, as is true in general with respect to entertain-

ing declaratory judgment actions, but is one of law. We think that this is indeed a case in which the request for a declaratory judgment is premature, depending upon a future event beyond the control of the parties which may never occur, and that, therefore, as a matter of law, the court may not entertain the claim for a declaratory judgment as against Aetna. Clearly Aetna is not liable unless and until Combustion sustains liability of over $50 million. The complaint alleges only $36 million. While plaintiff has suggested some speculations as to possible situations that may arise so that the damage may become more than $50 million, there is nothing specifically alleged in the complaint that makes this more than a contingent speculation which may never occur. It is this fact which distinguishes the present case from cases that have been called to our attention in which declaratory judgment actions were permitted to be maintained against insurers including excess carriers; for in those cases it appeared that there was "potential liability" which might well reach into the excess coverage *(Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 382), or that the "judgments likely to be recovered" in the underlying claims would amount to more than the excess floor *(Post v Metropolitan Cas. Ins. Co. of N. Y.,* 227 App Div 156, 157, affd 254 NY 541). In the present case there is nothing shown to indicate that there is any specific claim or combination of them that may exceed the excess floor; there is only plaintiff's speculation that such claims might some day be made on some basis not now apparent. We are dismissing the claim against Aetna on the ground that on the present record there is at present no real dispute permitting adjudication by the court. By the same token, as we are holding that we have no discretion to entertain this declaratory judgment action as against Aetna, it would be inappropriate for us now to decide how we would exercise our discretion if we had it. Concur—Ross, J. P., Lupiano, Silverman, Bloom and Yesawich, JJ.