■ BERNARD WINCIG, Appellant, v CHOCK 574 5TH OPERATING, INC., Respondent. — Order, Supreme Court, New York County (Richard W. Wallach, J.), entered November 28, 1983, denying plaintiff's motion for a preliminary injunction and granting the cross motion to dismiss the complaint, unanimously reversed, to the extent appealed from, as limited by the stipulation of the parties dated March 1, 1984, on the law and pursuant to the stipulation, without costs or disbursements, to deny the cross motion to dismiss the complaint, reinstate the complaint and direct an immediate trial as agreed to by the parties in their stipulation, and the balance of the appeal permitted to be withdrawn in accordance with the stipulation. ¶ Plaintiff, an attorney, is the lessee of commercial space at 574 5th Avenue, pursuant to a lease from defendant's predecessor entered into February 1, 1980. On October 12, 1983, plaintiff received a "notice of cancellation" served pursuant to paragraph 49.02 of the lease, which provided for cancellation upon at least 180 days' notice

based upon the election by the landlord to use the premises for expansion of its restaurant operation. Paragraph 49.01 of the lease expressly gave the *"Landlord or any successor* Landlord" the right "to demolish or materially alter and change the character of the Building" (emphasis added). Paragraph 49.02 provided *"[i]f Landlord* decides to use the Demised Premises for expansion of its restaurant operation, then Landlord shall have the option to cancel, this Lease" (emphasis added). ¶ On November 7, 1983, plaintiff, claiming that the lease only afforded this option to the original lessor, and not to a successor landlord, brought this action for declaratory judgment relief and, by order to show cause, sought to preliminarily enjoin defendant from terminating the lease, attempting to evict plaintiff or otherwise interfering with his enjoyment of the premises. In seeking a declaration, *inter alia,* that the notice of cancellation was without legal effect, plaintiff pointed to the substantial improvements which had been made and cited the prejudice and penalty which would result under paragraph 49.03 of the lease, providing a use and occupancy charge of $500 per day for each day the tenant held over. ¶ Special Term granted the landlord's cross motion to dismiss, finding the dispute was one which could be fully resolved in a holdover summary proceeding in the Civil Court, where the propriety of the defense offered by the tenant could be determined. Overlooked, however, was that no summary proceeding had been commenced nor was it timely to do so until April, 1984. The notice of cancellation which had been served was the 180-day notice called for by paragraph 49.02 of the lease and, under that provision, the lease would expire on April 9, 1984. Contrary to the conclusion reached at Special Term, a justiciable controversy existed as of the service of the cancellation notice, entitling plaintiff to seek declaratory judgment relief. As of that time, there did exist "a genuine legal dispute" (*New York Public Interest Research Group v Carey,* 42 NY2d 527, 530; *Combustion Eng. v Travelers Ind. Co.,* 75 AD2d 777). Here, declaratory relief was neither premature nor dependent upon future events (cf. *Prashker v United States Guar. Co.,* 1 NY2d 584; *Combustion Eng. v Travelers Ind. Co., supra*). We have in the past adhered to the principle which favors the litigation of landlord-tenant disputes in the Civil Court and, upon that basis, we have stayed Supreme Court actions pending disposition of a summary proceeding (see *Lun Far Co. v Aylesbury Assoc.,* 40 AD2d 794). However, this policy is necessarily dependent upon the existence of such a proceeding in the Civil Court. Here, no proceeding could be brought until expiration of the 180-day period and, therefore, no legal basis exists to prevent the tenant from seeking an adjudication of his rights under the lease prior to expiration of that period and without the monetary burden which would be imposed by the provisions of paragraph 49.03 of the lease. Concur — Sandler, J. P., Sullivan, Ross and Kassal, JJ.