■ FAIRHAVEN PROPERTIES, INC., Appellant, v GARDEN CITY PLAZA, INC., et al., Respondents.—In an action for a judgment declaring that certain liens are subordinate to the plaintiff's mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Roberto, J.), dated April 10, 1985, which granted so much of a motion as sought to dismiss the complaint for failure to state a cause of action, and (2) a judgment of the same court, dated April 16, 1985, which dismissed the complaint.

Appeal from the order dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed.

The respondents are awarded one bill of costs.

The plaintiff's action for declaratory relief is premature (see, Cutro v Sheehan Agency, 96 AD2d 669; Combustion Eng. v Travelers Indem. Co., 75 AD2d 777, affd 53 NY2d 875). "The declaratory judgment procedure is intended to deal with actual problems and not with remote possibilities which may never eventuate" (Guibord v Guibord, 2 AD2d 34, 36; see also, Prashker v United States Guar. Co., 1 NY2d 584). Until there is a declared default and the commencement of foreclosure proceedings, there is no justiciable controversy. If foreclosure does occur, there will be time to litigate the priority of liens on the property. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.

■ FISHKILL NATIONAL BANK, Respondent, v SOL LIGHT et al., Defendants, and ROBERT FEITLOWITZ, Appellant.—In an action to recover on a guarantee of promissory notes, the defendant Robert Feitlowitz appeals from an order of the Supreme Court, Dutchess County (Green, J.), dated May 8, 1985, which denied his motion to vacate a default judgment which had been entered against him.

Order affirmed, with costs.

Special Term did not abuse its discretion in denying the defendant Feitlowitz's motion to vacate the default judgment against him. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.