■ In the Matter of UNITED WATER NEW ROCHELLE, INC., et al., Respondents, v CITY OF NEW YORK et al., Appellants. [712 NYS2d 637] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Environmental Protection, dated July 8, 1998, to shut down the Croton Aqueduct through mid-September 1998, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Westchester County (Leavitt, J.), entered March 10, 1999, as granted the petition to the extent that it determined that the permit issued by the appellant City of New York in 1937 to the City of New Rochelle, the predecessor in interest of the respondent United Water New Rochelle, Inc., and the permit issued to the respondent Village of Briarcliff Manor in 1959, were unenforceable insofar as the appellants were permitted to unilaterally discontinue the delivery of potable water, denied that branch of their motion which was for a declaration that they had the right to shut down the Cro-

ton Aqueduct "for whatever purpose [the Department of Environmental Protection deems] necessary and appropriate" and that they had no obligation to provide chlorinated water to the respondents, denied that branch of their motion which was for partial summary judgment on the issue of the liability of the respondent United Water New Rochelle, Inc., under the second and third counterclaims for the additional costs of supplying chlorinated water from July 14, 1998, through September 7, 1998, and granted that branch of the cross motion of the respondent United Water New Rochelle, Inc., which was to dismiss the second and third counterclaims insofar as asserted against it.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which determined that the permits issued by the City of New York were unenforceable in part and substituting therefor a provision dismissing the petition and the appellants' first counterclaim, and (2) upon searching the record, deleting the provision thereof which referred the second and third counterclaims insofar as asserted against the Village of Briarcliff Manor to the trial court and substituting therefor a provision dismissing the second and third counterclaims insofar as asserted against the Village of Briarcliff Manor; as so modified, the order is affirmed, without costs or disbursements.

The petitioners, United Water New Rochelle, Inc. (hereinafter UWNR), and the Village of Briarcliff Manor (hereinafter the Village), draw water from the Croton Aqueduct pursuant to permits issued by the appellant City of New York in 1937 and 1959, respectively. The Croton Aqueduct is part of the water supply system owned and operated by the appellants, and it runs from the New Croton Reservoir in upper Westchester County to the Jerome Park Reservoir in the Bronx.

On July 8, 1998, the appellants notified UWNR and the Village that they proposed to close the Croton Aqueduct and the chlorination facility at the Croton Lake gatehouse through mid-September 1998 to make repairs. The appellants informed UWNR and the Village that they would not have a supply of chlorinated water during that period. UWNR commenced this proceeding to review the appellants' determination and to enjoin the closing, and the Village subsequently intervened.

The parties entered into a stipulation in July 1998 in which the appellants agreed to provide chlorinated water through

August 23, 1998. In the event that either the Village or UWNR objected to a shut down of the Croton Aqueduct after August 23, 1998, the appellants agreed to continue to provide chlorinated water until September 7, 1998. Pursuant to this stipulation, the appellants provided chlorinated water through September 7, 1998.

The appellants served an answer to the petition which included counterclaims for a declaration that they were entitled to shut down the Croton Aqueduct whenever the appellant New York City Department of Environmental Protection (hereinafter the DEP) deemed it necessary and to recover the costs of providing chlorinated water to UWNR and the Village during the period that the stipulation was in effect.

The petition, which was to review the appellants' determination to shut down the Croton Aqueduct during the summer of 1998 and to enjoin the appellants' proposed action, should have been dismissed as academic. Pursuant to the parties' stipulation, the appellants continued to operate the Croton Aqueduct and to supply chlorinated water during that summer.

Similarly, the appellants' first counterclaim, which sought a declaration that they had the right to shut down the Croton Aqueduct whenever the DEP deemed it necessary, did not present a justiciable controversy and should have been dismissed. A cause of action for declaratory relief must present a concrete, actual controversy for adjudication. The courts may not issue advisory opinions which can have no immediate effect (see, Cuomo v Long Is. Light. Co., 71 NY2d 349, 354; Fragoso v Romano, 268 AD2d 457; CPLR 3001). The parties stipulated that the appellants would operate the Croton Aqueduct and supply chlorinated water, which resolved the immediate dispute (see, Matter of Rivera, 244 AD2d 413). The case no longer presented a genuine controversy. Instead, it presented hypothetical issues concerning future events which may or may not occur (see, Cuomo v Long Is. Light. Co., supra). The Supreme Court therefore erred in determining the extent to which the appellants had the right to shut down the aqueduct under the terms of the permits (see, United Water New Rochelle v City of New York, 180 Misc 2d 241, 248).

In their second and third counterclaims, the appellants sought to recover additional costs of supplying chlorinated water to UWNR and the Village which were not covered by the customary water rates. The appellants sought reimbursement for the cost of the unused, excess chlorinated water which was produced when the aqueduct remained in operation and which was discharged into the Harlem River. The payment by UWNR

and the Village for the water actually provided to them is not at issue.

The Supreme Court dismissed the appellants' counterclaims insofar as asserted against UWNR based on an interpretation of the 1937 permit issued to the City of New Rochelle. We agree that the counterclaims against UWNR were properly dismissed, but for a different reason. Regardless of the appellants' claim that the 1937 permit did not require them to provide chlorinated water to UWNR, the appellants were bound by the terms of the stipulation they entered into with UWNR absent a showing of fraud, collusion, mistake, or accident (*see, Hallock v State of New York,* 64 NY2d 224, 230). No such showing was made by the appellants.

In the stipulation, the appellants agreed to provide chlorinated water without any obligation on the part of UWNR to pay these additional costs. The appellants failed to point to any evidence in the record that they even discussed with UWNR any costs that were over and above the customary charges for the water that UWNR actually withdrew from the Croton Aqueduct. Moreover, since the appellants never alleged that UWNR failed to pay the customary rate for the water it withdrew from the Croton Aqueduct, the appellants' claim that UWNR was unjustly enriched by the provision of chlorinated water during the period covered by the stipulation is without merit.

Finally, the Supreme Court erroneously referred the appellants' second and third counterclaims to the trial court insofar as the appellants sought to collect from the Village the additional costs of producing chlorinated water based on the 1959 permit. Although the Village did not cross-appeal, this Court has the authority to search the record and grant summary judgment to a nonappealing party (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). The parties' stipulation bars any recovery by the appellants on their counterclaims asserted against the Village. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur. [*See* 180 Misc 2d 241.]