■ LONG ISLAND LIGHTING COMPANY et al., Respondents, v ALLIANZ UNDERWRITERS INSURANCE COMPANY et al., Defendants, and CONTINENTAL CASUALTY COMPANY, Appellant. [826 NYS2d 55]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered March 17, 2005, which, to the extent appealed from as limited by the briefs, upon granting plaintiff's motion for reargument and renewal, modified an earlier order of the same court (Ira Gammerman, J.), entered on or about December 24, 2003, to deny summary judgment to defendant Continental Casualty Company, affirmed, with costs.

"The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed" (CPLR 3001). A declaratory judgment action thus "requires an actual controversy between genuine disputants with a stake in the outcome," and may not be used as "a vehicle for an advisory opinion" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:3).

Here, the "potential liability" may reach into Continental's excess coverage, rendering this controversy justiciable. The Court of Appeals has recognized that, "there are different ways to prorate liability among successive policies" (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 224 [2002]). Furthermore, the worst case or "highest estimate of damages"

(*id.* at 225) may be used to ascertain whether or not a claim is justiciable against a particular excess insurer's policy (*State Farm Fire & Cas. Co. v LiMauro*, 103 AD2d 514, 517-518 [1984], *affd* 65 NY2d 369 [1985]). Our holding in *Combustion Eng'g v Travelers Indem. Co.* (75 AD2d 777 [1980], *affd* 53 NY2d 875 [1981]), relied upon by defendant Continental, does not dictate the opposite conclusion. The plaintiff in *Combustion Engineering* pleaded damages in an amount less than the excess carrier's policy floor, and thus failed to state a claim that the excess policy could even be reached. Given plaintiff's highest projected damages in the instant case, as established by their expert who took into account, inter alia, new investigations and concomitant remedial recommendations as well as the County's push for more stringent clean-up measures, there is a question of fact precluding summary judgment and as to whether Continental's excess insurance policy is implicated. Concur—Nardelli, J.P., Catterson and Malone, JJ.

Williams and McGuire, JJ., dissent in a memorandum by McGuire, J., as follows: I respectfully dissent. The parties apparently agree that, in accordance with *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.* (98 NY2d 208, 221-225 [2002]), the estimated damages must be prorated among the various insurers over the 33 years of insurance coverage. According to plaintiffs' expert, the likely scenario in its view is that the costs plaintiffs have incurred and will incur in investigating and remediating the contamination at any of the seven sites will not be sufficient to implicate the excess liability policy issued by defendant Continental Casualty Co. with the lowest attachment point.

The report of plaintiffs' expert, "includes a probabilistic cost analysis that identified the reasonable range of site contamination conditions and the potential remediation measures that may be required at each site. Probabilities were assigned to each potential remediation measure, and the cost of each remediation measure was estimated." In addition to setting forth the most probable or "expected" estimate for each site, the report sets forth the estimates at various percentile levels, including at the "highest cost" level—i.e., at the " '95th percentile' level [where] 95% of the cost outcomes are equal to or less than this value, and 5% are greater." The worst case or highest cost estimate of damages at one of the sites would be sufficient to implicate one of the four excess liability policies issued by Continental, the policy in place for the period from July 1, 1954 to July 1, 1956 with an attachment point of $3.525 million. At the 85th percentile level, however, this policy would not be reached.

It appears then from the submissions of plaintiffs' own expert that there is only a slim chance that the 1954 to 1956 policy will ever be reached and virtually no chance that any of the other Continental policies will be reached. As the Second Department has stated, "it is long settled that a declaratory judgment action against insurers, including excess carriers, is permitted prior to judgment where the *judgments likely to be recovered* in the underlying claims would amount to more than the excess floor . . . or the potential liability *might well* reach into the excess coverage" (*State Farm Fire & Cas. Co. v LiMauro*, 103 AD2d 514, 518 [1984], *affd* 65 NY2d 369 [1985] [internal quotation marks and citations omitted; emphasis added]). Accordingly, the action against Continental should be dismissed "on the ground that . . . there is at present no real dispute permitting adjudication by the court" (*Combustion Eng'g v Travelers Indem. Co.*, 75 AD2d 777, 779 [1980], *affd* 53 NY2d 875 [1981]).

Plaintiffs' contention that in *Consolidated Edison Co. v Allstate Ins. Co.* (*supra*) the Court of Appeals accepted the legitimacy of using the highest projection of damages to determine justiciability is without merit. For purposes of litigating the justiciability motions, the parties in *Consolidated Edison Co.* appear not to have disputed the trial court's use of the highest projection of damages by Con Edison's expert. For all that appears in the opinion of the Court of Appeals, it may be that the position of the moving insurers was that they were entitled to dismissal even if the use of the highest projection were permissible. In any event, the issue was not addressed by the Court and nothing in its opinion suggests that the Court was endorsing the use of the highest projection of damages, however unlikely such a projection may be in a particular case, as the appropriate benchmark.

For these reasons, I would reverse and deny plaintiffs' motion for reargument and renewal.