■ PREMIER RESTORATIONS OF NEW YORK CORP., Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [5 NYS3d 888]—

In a declaratory judgment action, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated June 13, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) and CPLR 3001 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

An action for a declaratory judgment must be supported by the existence of a justiciable controversy (*see* CPLR 3001; *Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 35 AD3d 253 [2006]; *Tri-State Sol-Aire Corp. v County of Nassau*, 156 AD2d 555 [1989]). There must be a genuine, concrete dispute between adverse parties, not merely the possibility of hypothetical, contingent, or remote prejudice to the plaintiff (*see Chanos v MADAC, LLC*, 74 AD3d 1007, 1008 [2010]; *Waterways Dev. Corp. v Lavalle*, 28 AD3d 539, 540 [2006]).

Contrary to the plaintiff's contention, it failed to allege the existence of a justiciable controversy in this case, relying instead upon a hypothetical injury which would be contingent upon the occurrence of events which may or may not come to pass at some point in the future. Accordingly, the plaintiff sought an impermissible advisory opinion, and the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint (*see generally Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510 [1986]; *Self-Insurer's Assn. v State Indus. Commn.*, 224 NY 13 [1918]; *Waterways Dev. Corp. v Lavalle*, 28 AD3d 539 [2006]; *Matter of United Water New Rochelle v City of New York*, 275 AD2d 464 [2000]). Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.