Matter of Hargraves v City of Rye Zoning Bd. of Appeals (2018 NY Slip Op 04721)





Matter of Hargraves v City of Rye Zoning Bd. of Appeals


2018 NY Slip Op 04721


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-11310
 (Index No. 3918/14)

[*1]In the Matter of Gordon Hargraves, et al., appellants,
v
City of Rye Zoning Board of Appeals, et al., respondents.


Zarin & Steinmetz, White Plains, NY (Daniel M. Richmond of counsel), for appellants.
Blanchard & Wilson, LLP, White Plains, NY (Mark W. Blanchard and Kristen Kelley Wilson of counsel), for respondent City of Rye Zoning Board of Appeals.
McCullough, Goldberger & Staudt, LLP, White Plains, NY (Patricia W. Gurahian of counsel), for respondents Walter Nelson and Margaret Nelson.
Harfenist Kraut & Perlstein, LLP, Purchase, NY (Jonathan D. Kraut and Leo Napior of counsel), for respondent Robert Talt.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated October 19, 2015. The order and judgment denied the amended petition and dismissed the proceeding, and, in effect, granted those branches of the separate motions of the respondents/defendants Walter Nelson and Margaret Nelson and the respondent/defendant Robert Talt which were, in effect, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
ORDERED that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The petitioners/plaintiffs (hereinafter the petitioners) own and reside at 60 Kirby Lane in the City of Rye. The respondents/defendants Walter Nelson and Margaret Nelson (hereinafter together the Nelsons) own an adjacent property, located at 50 Kirby Lane, which was undeveloped. [*2]The respondent/defendant Robert Talt is the contract vendee for the Nelsons' property. The Nelsons and Talt (hereinafter collectively the applicants) applied for area variances in order to construct a single-family residence on the property. After a hearing, the respondent/defendant City of Rye Zoning Board of Appeals (hereinafter the Board) granted the application. The petitioners thereafter commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, seeking to annul the Board's determination and a judgment declaring that the applicants may not create a trespass onto the petitioners' property. In an order and judgment, the Supreme Court denied the amended petition and dismissed the proceeding, and, in effect, granted those branches of the separate motions of the Nelsons and Talt which were, in effect, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. The petitioners appeal.
Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67; Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d 1144, 1147). Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2). 
In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing "the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood by such grant" (General City Law § 81-b[4][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612; Matter of Steiert Enters., Inc. v City of Glen Cove, 90 AD3d 764, 766-767; Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach, 79 AD3d 874, 876; see also City of Rye Code § 197-81[D][2]). The zoning board must also consider: "(i) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (ii) whether the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance; (iii) whether the requested area variance is substantial; (iv) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (v) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (General City Law § 81-b[4][b]; see Matter of Steiert Enters., Inc. v City of Glen Cove, 90 AD3d at 766-767; Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y., 71 AD3d 1150, 1150-1151; see also City of Rye Code § 197-81[D][2]).
Here, the Board engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608; Matter of Goodman v City of Long Beach, 128 AD3d 1064, 1065). While the proposed variances were substantial, there was no evidence that the granting of the variances would have an undesirable effect on the character of the neighborhood, adversely impact physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (see Matter of Quintana v Board of Zoning Appeals of Inc. Vil. of Muttontown, 120 AD3d 1248, 1249; Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, [*3]510). Accordingly, we agree with the Supreme Court's determination to deny the amended petition and dismiss the proceeding.
With respect to that portion of the amended pleading that sought a judgment declaring that the applicants may not create a trespass onto the petitioners' property, we note that an action for a declaratory judgment must be supported by the existence of a justiciable controversy (see CPLR 3001; Premier Restorations of N.Y. Corp. v New York State Dept. of Motor Vehs., 127 AD3d 1049, 1049; Long Is. Light. Co. v Allianz Underwriters Ins. Co., 35 AD3d 253; Tri-State Sol-Aire Corp. v County of Nassau, 156 AD2d 555). There must be a genuine, concrete dispute between adverse parties, not merely the possibility of hypothetical, contingent, or remote prejudice to the plaintiff (see Premier Restorations of N.Y. Corp. v New York State Dept. of Motor Vehs., 127 AD3d at 1049; Chanos v MADAC, LLC, 74 AD3d 1007, 1008; Waterways Dev. Corp. v Lavalle, 28 AD3d 539, 540).
Contrary to the petitioners' contention, they failed to allege the existence of a justiciable controversy in this case, relying instead upon hearsay as to what the applicants may do in the future. Accordingly, we agree with the Supreme Court's determination to, in effect, grant those branches of the applicants' separate motions which were, in effect, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint (see generally Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510; Self-Insurer's Assn. v State Indus. Commn., 224 NY 13; Premier Restorations of N.Y. Corp. v New York State Dept. of Motor Vehs., 127 AD3d at 1049; Waterways Dev. Corp. v Lavalle, 28 AD3d at 539; Matter of United Water New Rochelle v City of New York, 275 AD2d 464).
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court