Wachtel v Park Ave & 84th St., Inc. (2020 NY Slip Op 01242)





Wachtel v Park Ave & 84th St., Inc.


2020 NY Slip Op 01242


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11063 657144/17

[*1] Anna Wachtel, et al., Plaintiffs-Appellants,
v
Park Ave & 84th St., Inc., et al., Defendants-Respondents.


Anita Nissan Yehuda, P.C., Greenvale (Anita Nissan Yehuda of counsel), for appellants.
Boyd Richards Parker & Colonnelli, New York (Bryan Mazzola of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered February 5, 2019, which, to the extent appealed from, granted defendants' motion to dismiss the causes of action for a declaratory judgment, injunctive relief and breach of contract, unanimously affirmed, with costs.
The motion court correctly found that the cause of action for a declaration that the alterations made to the apartment in 1974 by defendant Park Ave. & 84th St. (the Co-op) are unlawful and that the Co-op is obligated to cure them presents no justiciable controversy (see Long Is. Light. Co. v Allianz Underwriter Ins. Co., 35 AD3d 253 [1st Dept 2006], appeal dismissed 9 NY3d 1003 [2007]; Board of Educ. of Freeport Union Free School Dist. v Nyquist, 50 NY2d 889, 891 [1980]). As the New York City Department of Buildings' (DOB) notices of violation were issued against the Co-op, plaintiffs are under no obligation to respond to them, and, as private litigants, they lack standing to enforce the DOB's order to correct the violations (Matter of Durst Partners L.L.C. v New York City Envtl. Control Bd., 33 AD3d 405 [1st Dept 2006]).
Nor are plaintiffs entitled to a declaration that the Co-op is "obligated to restore the ADA-compliant [Americans with Disabilities Act] entrance to the Apartment in the form in which it existed" before 1974. Plaintiffs are not aggrieved parties under the ADA, and therefore do not have standing to bring such a claim (see Lee v Sutton Garage, LLC, 2017 US Dist LEXIS 174358, *8-9 [SD NY Oct. 19, 2017]). Further, the proprietary lease provides that plaintiffs are responsible for work performed by their predecessors, that they are responsible for the apartment's interior, and that they are responsible for ensuring that the apartment remains compliant with the Building Code (and other laws, ordinances, rules, and regulations). The lease is unambiguous on this point and must be enforced according to its plain terms (Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]).
In view of the foregoing, the court correctly dismissed the cause of action for a preliminary injunction and a permanent injunction requiring the Co-op to cure the noticed violations and to restore the ADA-compliant entrance. We note in addition that plaintiffs do not allege any irreparable harm absent an injunction (SportsChannel Am. Assoc. v National Hockey League, 186 AD2d 417, 418 [1st Dept 1992]). Indeed, the complaint does not allege any concrete or non-hypothetical damages with respect either to the DOB violations or the non-ADA-compliant entrance.
The court correctly dismissed the cause of action for breach of contract. Plaintiffs' allegations are conclusively refuted by the unambiguous language of the lease and plaintiffs' failure to allege any redressable injury or damages beyond the hypothetical assertion that they [*2]might be sued and/or forced to incur expense curing the violations.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK