Jarmuth v Leonard (2020 NY Slip Op 05286)





Jarmuth v Leonard


2020 NY Slip Op 05286


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 152535/2018 Appeal No. 11925 Case No. 2019-3774 

[*1]Sandra Jarmuth, Plaintiff-Appellant,
v
Lauren Leonard, et al., Defendants-Respondents.


Belkin, Burden, Goldman, LLP, New York (Matthew Meisel of counsel), for appellant.
Cozen O'Connor, New York (Amanda L. Nelson of counsel), for respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered April 5, 2019, deemed appeal from judgment, same court and Justice, entered April 24, 2019 (see CPLR 5501[c]), dismissing the complaint, and, so considered, the judgment unanimously affirmed, without costs.
The complaint fails to allege that defendants, the individual members of the cooperative's board of directors, "acted tortiously other than in their capacity as board members," and, as a result, fails to state a cognizable claim against them (Brasseur v Speranza, 21 AD3d 297, 298 [1st Dept 2005]; Hersh v One Fifth Ave. Apt. Corp., 163 AD3d 500 [1st Dept 2018]). In addition, the proprietary lease establishes that, absent illegal conduct, which is not alleged in the complaint, the board had the right to deny
plaintiff's application to purchase shares "for any reason or for no reason" (see CPLR 3211[a][1]; see also e.g. DeSoignies v Cornasesk House Tenants' Corp., 21 AD3d 715, 718 [1st Dept 2005]; Simpson v Berkley Owner's Corp., 213 A.D.2d 207 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020