Demari Servs. Inc. v Queens Medallion Brokerage Corp. (2024 NY Slip Op 00801)

Demari Servs. Inc. v Queens Medallion Brokerage Corp.

2024 NY Slip Op 00801

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 655885/20 Appeal No. 1670 Case No. 2022-05135 

[*1]Demari Services Inc., et al., Plaintiffs-Appellants,
v
Queens Medallion Brokerage Corp., et al., Defendants-Respondents, Endurance American Specialty Insurance Company, et al., Defendants.

Marshall Conway Bradley Gollub & Weissman, P.C., New York (Dylan J. Murphy of counsel), for appellants.
Winget, Spadafora & Schwartzberg, LLP, New York (Christina M. Rieker of counsel), for Queens Medallion Brokerage Corp., respondent.
Keidel, Weldon and Cunningham, LLP, New York (Howard S. Kronberg of counsel), for Scottish American Insurance General Agency, Inc., respondent.

Order, Supreme Court, New York County (Nancy Bannon, J.), entered October 4, 2022, which, to the extent appealed from as limited by the briefs, granted the separate motions of defendants Scottish American Insurance General Agency, Inc. and Queens Medallion Brokerage Corp. to dismiss the complaint as against them, unanimously modified, on the law, to deny the motion insofar as it sought to dismiss plaintiffs' claims for negligent misrepresentation, negligent failure to procure insurance, fraud, and breach of fiduciary claims, and otherwise affirmed, without costs.
Plaintiffs commenced this action against Scottish American and Queens Medallion for damages related to the denial of excess insurance coverage in the underlying Labor Law and negligence action, Luis Guerra v Century Apartments Assoc., pending in Queens County Supreme Court (index No. 702047/2018). In that underlying action, the plaintiff fell off a scaffold during the course of faÇade work done by plaintiff Demari Services, Inc. on the building owned by plaintiff The Residential Board of Managers of the Century Condominium (Century).
Supreme Court should not have dismissed plaintiffs' tort claims solely on the ground that the action was premature. Although plaintiffs had yet to sustain any injury in the absence of a judgment or settlement in the underlying Guerra action, a justiciable controversy exists where a plaintiff alleges "potential liability" that could implicate excess insurance coverage, even before an award of damages or settlement (see Long Is. Light. Co. v Allianz Underwriters Ins. Co., 35 AD3d 253, 253-254 [1st Dept 2006], appeal dismissed 9 NY3d 1003 [2007]; Booth Mem. Hosp. & Med. Ctr. v Merson & Co., 162 AD2d 100, 100 [1st Dept 1990]).
Nevertheless, Supreme Court properly dismissed the breach of contract claims, as plaintiffs' continued payment of premiums on already-extant policies could not constitute consideration for a new contract between plaintiffs and defendant insurance brokers (see Zheng v City of New York, 93 AD3d 510, 512 [1st Dept 2012]). Although in April 2017, Queens Medallion and Scottish American exchanged emails relating to a residential work exclusion, those emails did not make any changes to the policies already in effect; on the contrary, Queens Medallion and Scottish American confirmed in the emails, which were forwarded to Century, that the exclusion was not applicable to the work being performed by Demari.
Similarly, Supreme Court properly dismissed plaintiffs' causes of action for promissory estoppel. Plaintiffs contend that in executing the work contract, they relied on a promise made in the April 2017 emails that Demari's work was covered by the excess insurance policy; however, the work contract between Demari and Century was executed in February 2017, two months before the purported promise in the April 2017 emails. Thus, the work contract utterly refutes the allegations in the promissory estoppel causes of action (see Goshen v Mutual Life [*2]Ins. Co., 98 NY2d 314, 326 [2002]). We reject plaintiffs' argument that the February 2017 work contract was merely a draft, as the document was signed by both Demari and Century, and therefore was fully executed.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024