**Jarmuth v Nunnerley**

2024 NY Slip Op 31967(U)

June 7, 2024

Supreme Court, New York County

Docket Number: Index No. 156255/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**                PART                33M

_Justice_

-------------------------------------------------------------------------X

SANDRA JARMUTH,

INDEX NO.              156255/2022

MOTION DATE          12/02/2023

Plaintiff,

MOTION SEQ. NO.          002

- v -

SANDRA NUNNERLEY, MICHAEL MURPHY, KENNETH
LOVETT, PERRY ROSEN, MITCH UNGER, 36 EAST 69TH
CORP

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 54, 57, 58

were read on this motion to/for              REARGUMENT/RECONSIDERATION          .

Upon the foregoing documents, Plaintiff Sandra Jarmuth's (Plaintiff") motion for leave to reargue is granted in part and denied in part. Defendants Sandra Nunnerley ("Nunnerley"), Michael Murphy ("Murphy"), Kenneth Lovett ("Lovett"), Perry Rosen ("Rosen"), Mitch Unger ("Unger") (collectively, the "Individual Defendants"), and 36 East 69th Corp.'s (the "Corporation") (collectively "Defendants") cross-motion for attorneys' fees, costs and expenses incurred in this action is denied.

## A. Background

In this instant matter Plaintiff moves for leave to reargue this Court's Decision and Order dated April 26, 2023 (the "Prior Order") (NYSCEF Doc. 45), which granted Defendants' motion to dismiss Plaintiff's Complaint, and awarded Defendants attorneys' fees incurred in defending this action. Plaintiff requests that the Court grant her application for leave to reargue, and upon the granting of such relief, to modify the Prior Order to deny Defendants' motion to dismiss as to

**156255/2022   JARMUTH, SANDRA vs. NUNNERLEY, SANDRA ET AL**
**Motion No.  002**

Page 1 of 5

Plaintiff's first cause of action for declaratory judgment ("First Cause of Action") and second cause of action for breach of fiduciary duty ("Second Cause of Action") and rescind the Court's award of attorneys' fees to Defendants.

During the pendency of this motion, counsel for Defendants submitted a letter dated August 14, 2023 wherein they informed the Court that the past legal invoices which were the subject of the instant declaratory judgment action have been waived "[i]n the interest of all parties putting this matter behind them (and not an admission of any impropriety of the fees)". (NYSCEF Doc. 59).

### B. Standard

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked on misapprehended by the court in determining the prior motion . . . and shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry" (CPLR 2221 [d]). A motion for leave to reargue, "addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided . . . nor does reargument serve to provide a party an opportunity to advance arguments different from those tendered on the original application" (*Foley v Roche*, 68 AD2d 558, 567-568 [1st Dept 1979] [citations omitted]).

*[The remainder of this page is intentionally left blank]*.

**156255/2022   JARMUTH, SANDRA vs. NUNNERLEY, SANDRA ET AL**
**Motion No.  002**

**Page 2 of 5**

2 of 5

## C. Discussion

### i. The Underlying Motion to Dismiss

Leave to reargue the underlying motion to dismiss is denied as the Court did not overlook or misapprehend any matters of fact or law. Plaintiff alleges she was invoiced as additional rent purported legal fees incurred by the Corporation in prior litigation against the Plaintiff, but Plaintiff failed to allege any declared default or imminent foreclosure action. Indeed, as provided by the Court of Appeals "declaratory judgment may not be granted if it will only result in an advisory opinion." (*Combustion Eng'g, Inc. v Travelers Indem. Co.*, 75 AD2d 777, 778 [1st Dept 1980] *affd*, 53 NY2d 875 [1981]). As noted by Justice Singh, "[u]ntil there is a declared default and the commencement of foreclosure proceedings, there is no justiciable controversy." (*Rowland v HSBC Bank USA*, 2014 NY Slip Op. 32479[U] at *3 [Sup. Ct. N.Y. Co. 2014] citing *Fairhaven Properties Inc. v Garden City Plaza, Inc.*, 119 AD2d 796 [2d Dept 1986]). Here, there is no declared default, no rent demand, and no foreclosure proceedings.[1]

Moreover, because Plaintiff in essence is alleging that the invoices are improper under the proprietary lease which governs the relationship between Plaintiff and the Defendant Corporation, she has an adequate legal remedy for breach of contract if Defendants Corporation attempts to collect the fees which makes her declaratory judgment claim unsustainable (*Cronos Group Ltd. v XComIP, LLC*, 156 AD3d 54, 74 [1st Dept 2017] citing *Singer Asset Fin. Co., LLC v Melvin*, 33 AD3d 355, 358 [1st Dept 2006]).

Likewise, the Court did not misapprehend or overlook any matters of fact or law with respect to Plaintiff's cause of action for breach of fiduciary duty because Plaintiff failed to allege

---

[1] Although Plaintiff claims in motion papers that she has now suffered a harm due to the invoiced legal fees at the most recent Board election, those allegations are not in the complaint in this action nor were they before the Court in the prior motion to dismiss and therefore there is no need for this Court to address them.

**156255/2022  JARMUTH, SANDRA vs. NUNNERLEY, SANDRA ET AL**
**Motion No. 002**

[* 3]

any evidence of bad faith or tortious conduct by board members distinct from actions taken as a board collectively (*see, e.g. Jarmuth v Leonard*, 187 AD3d 407 [1st Dept 2020]; *see also Hersh v One Fifth Ave. Apt. Corp.*, 163 AD3d 500 [1st Dept 2018]).[2]

In any event, the past legal invoices which were the subject of the Plaintiff's declaratory judgment and breach of fiduciary duty causes of action have now been waived pursuant to Defendants' letter to the Court dated August 14, 2023 (NYSCEF Doc. 59). Accordingly, reargument is also denied as the underlying causes of action should be dismissed as moot (*see also Ovitz v. Bloomberg L.P.*, 18 NY3d 753, 760 [2012] [declaratory judgment unavailable where defendant waived fees which were subject of litigation]).

### ii.. Leave to Reargue the Award of Attorneys Fees is Granted and Defendant's Crossmotion for Fees is Denied

The Court grants leave to reargue the award of attorneys' fees to Defendant as controlling case law's interpretation of paragraph 28 of the proprietary lease required Plaintiff to be in default as a prerequisite to collecting fees. This was not the case here (*see Dupuis v 424 E. 77th Owners Corp.*, 32 AD3d 720, 722 [1st Dept 2006] citing *George Tower & Grill Owners Corp. v Honig*, 232 AD3d 474 [2d Dept 1996]). Accordingly, upon granting leave to reargue, the Court's prior award of attorneys' fees pursuant to paragraph 28 of the proprietary lease is rescinded and Defendants' pending cross motion seeking attorneys' fees is denied.

*[The remainder of this page is intentionally left blank]*

---

[2] Plaintiff does not seek reargument on her other three dismissed causes of action.

**156255/2022   JARMUTH, SANDRA vs. NUNNERLEY, SANDRA ET AL**
**Motion No. 002**

Page 4 of 5

Accordingly, it is hereby

ORDERED that Plaintiff's motion seeking leave to reargue the portion of the Court's prior decision and order dismissing her first and second cause of action is denied; and it is further

ORDERED that Plaintiff's motion seeking leave to reargue the portion of the Court's prior decision and order awarding attorneys' fees is granted, and upon reargument, the Court rescinds its prior award of attorneys' fees to Defendants; and it is further

ORDERED that Defendants' cross-motion seeking an award of attorneys' fees is denied; and it is further

ORDERED that within ten days of entry, counsel for either party shall serve a copy of this Decision and Order with notice of entry, on all parties to this action; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/7/2024 | | _May V Rsa t JSC_ |
| --- | --- | --- |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | [x] CASE DISPOSED | [ ] NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | [ ] GRANTED [ ] DENIED | [x] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**156255/2022   JARMUTH, SANDRA vs. NUNNERLEY, SANDRA ET AL**
**Motion No.  002**

Page 5 of 5

[* 5]