Matter of Berman (2026 NY Slip Op 50066(U))

[*1]

Matter of Berman

2026 NY Slip Op 50066(U)

Decided on January 21, 2026

Surrogate's Court, Dutchess County

Hayes, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 21, 2026
Surrogate's Court, Dutchess County

In the Matter of the Verified Petition of Karen Berman, 
 as Daughter and Next of Kin of MIRIAM BERMAN, aka ZWILLINGER nee SCHIFF/SZYF, 
 For an Order Establishing the True and Correct Date of Birth of the Decedent.

File No. 2025-1081

Michael G. Hayes, S.

By Petition dated December 16, 2025, Petitioner seeks a judicial declaration that the decedent Miriam Berman's true date of birth is XX/XX/1925. The Petition also seeks an Order directing "that such finding may be relied upon for all lawful purposes."
Petitioner alleges that she is the daughter and next of kin of the decedent, that the decedent was a resident of Dutchess County when she died in 2004, that decedent was born in Poland on XX/XX/1925, that the decedent emigrated to the United States as a result of the German occupation of Poland, and that "After liberation, the Decedent, like many Jewish refugees, was compelled to adjust her age for immigration eligibility, resulting in U.S. records which reflect a range of recorded birth years." Petitioner also asserts that "these discrepancies stem from historical administrative necessity and do not reflect her actual birth year."
The Petition includes a number of exhibits, including a copy of a document written in German that Petitioner identifies as a "Ghetto Resident List" identifying the decedent's year of birth as 1925, two Social Security Administration filings identifying the decedent's year of birth as 1928 or 1929, the decedent's death certificate identifying her year of birth as 1928, and a naturalization record identifying the decedent's year of birth as 1929 — which Petitioner describes as "indicating she petitioned as a minor, illustrating the administrative pressures leading to DOB alteration."
The Surrogate's Court is a court of limited jurisdiction and possesses only such powers as are conferred upon it by the state constitution and by statute (Matter of Lainez, 79 AD2d 78 [2d Dept 1981]). Article 6, §12(d) of the constitution states that the Surrogate's Court "shall have jurisdiction over all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto, guardianship of the property of minors, and such other actions and proceedings not within the exclusive jurisdiction of the supreme court, as may be provided by law." That constitutional grant of power has been codified in SCPA §201.
In this proceeding, Petitioner is seeking "a judicial determination of historical fact" — the [*2]decedent's date of birth. Petitioner has not identified the reason that such determination is being sought.[FN1]
Whatever its purpose may be, there is no allegation that it has anything to do with the affairs of the decedent.
To the contrary, in a Supplemental Affidavit dated December 18, 2025, Petitioner has conceded that "this proceeding does not affect probate, inheritance, estate administration, testamentary instruments, property rights, or any financial or legal interest of any person." Petitioner has also confirmed that "All estate matters relating to the Decedent were resolved long ago, and no estate is pending."
A court may raise the issue of subject matter jurisdiction sua sponte. (Scully v. O'Connor, 225 AD3d 769 [2d Dept. 2024]). Here, I find that the Court lacks subject matter jurisdiction over this matter because a judicial determination as to the decedent's date of birth will have no impact on the affairs of the decedent, which were settled long ago. Nor does it plead any other action or proceeding within this Court's subject matter jurisdiction. Therefore, the petition is dismissed.
Even if the Court did possess subject matter jurisdiction, the petition would still be subject to dismissal. By asking for a judicial determination of the decedent's date of birth, the petition is essentially seeking a declaratory judgment.
The authority to render a declaratory judgment is provided by CPLR §3001, which states "The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy." Because this statute only confers this authority on Supreme Court, there is an open question whether Surrogate's Court can entertain a petition for a declaratory judgment (see Connors, McKinney's Practice Commentaries to CPLR §3001 [C3001:20] ["The courts have been dancing around this issue for a while and we do not have a definitive answer"]).
SCPA §209 enumerates certain powers that are incidental to the jurisdiction of the Surrogate's Court. SCPA §209(10) states that "In the exercise of its jurisdiction, the court shall have all of the powers that the supreme court would have in like actions and proceedings including, but not limited to, such incidental powers as are necessary to carry into effect all powers expressly conferred herein." SCPA §209(11) further provides that "The enumeration of powers herein shall not be deemed exclusive."
I concur with my colleagues who have found that the Surrogate's Court can entertain a declaratory judgment action when it relates to the settlement of the affairs of a decedent or some other matter that falls within its limited jurisdiction. (see Matter of Doloff, 49 Misc 3d 440 [Sur. Ct. Erie County 2015); Matter of Wontz, 67 Misc 3d 1223[A] [Sur. Ct. Orange County 2020); Private Client Group v. Markey, 2010 NY Slip Op. 31038(U), 2010 WL 1821993 [Sur. Ct. Nassau County 2010]). Although CPLR §3001 only expressly confers that authority on the Supreme Court, I find that SCPA §209(10) implicitly extends this authority to the Surrogate's [*3]Court when the subject matter of the requested declaratory relief is within the Court's limited jurisdiction.
As already explained, the Court does not have subject matter jurisdiction over this matter. Thus, since the subject matter of the petition falls outside the limited jurisdiction of the Surrogate's Court, I find that the Court has no authority to render a declaratory judgment in this matter.
Finally, even if the Court did have jurisdiction in this proceeding and therefore possessed the statutory authority to issue a declaratory judgment, the petition would still be dismissed. CPLR §3001 only permits a court to render a declaratory judgment when the petition presents a "justiciable controversy."
"To constitute a 'justiciable controversy,' there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect." (Chanos v. Madac, LLC, 74 AD3d 1007 [2d Dept. 2010]). "There must be a genuine, concrete dispute between adverse parties, not merely the possibility of hypothetical, contingent, or remote prejudice to the plaintiff." (Premier Restorations of New York Corp. v. New York State Department of Motor Vehicles, 127 AD3d 1049 [2d Dept. 2015]; Matter of Hudson, 85 Misc 3d 567 [Sup. Ct Kings County 2024] [CPLR §3001 "contemplates at least two parties who dispute a matter"]).
"A dispute matures into a justiciable controversy when a plaintiff receives direct, definitive notice that the defendant is repudiating his or her rights." (Zwarycz v. Marnia Construction, Inc., 102 AD3d 774 [2d Dept. 2013]). A declaratory judgment action "requires an actual controversy between genuine disputants with a stake in the outcome, and may not be used as a vehicle for an advisory opinion." (Long Island Lighting Co. v. Allianz Underwriters Insurance Co., 35 AD3d 253 [1st Dept. 2006], quoting Siegel, McKinney's Practice Commentaries to CPLR §3001 [C3001:3]). "While fact issues certainly may be addressed and resolved in the context of a declaratory judgment action, the point and purpose of the relief is to declare the respective legal rights of the parties on a given set of facts, not to declare findings of fact." (Thome v. Alexander and Louisa Calder Foundation, 70 AD3d 88 [1st Dept. 2009]).
In her Supplemental Affidavit, Petitioner freely admits that "There is no adverse party, no dispute, and no contested issue of law or fact." Petitioner also asserts that "All estate matters relating to the Decedent were resolved long ago, and no estate is pending." Likewise, she asserts that there are no necessary or interested parties to be cited in this proceeding because "No person's rights are implicated or impaired by the relief requested" and because it "does not affect probate, inheritance, estate administration, testamentary instruments, property rights, or any financial or legal interest of any person." As previously noted (in footnote 1), Petitioner has also confirmed that this proceeding does not seek to "amend, correct, revoke, or direct any change to New York State or local record."
In sum, the petition and Supplemental Affidavit assert that there is no adverse party, no dispute, and no contested issue of law or fact. As such, the Petition seeks a finding of fact, not a finding as to the legal rights and obligations between two or more parties. And while Petitioner believes that the decedent's date of birth has been incorrectly recorded, she has not identified any dispute or controversy arising from that purported inaccuracy. As such, even if the Surrogate's Court possessed jurisdiction over this matter, the Petition would still be dismissed because it fails to present a justiciable controversy. (see Thome Buffalo Emergency Assoicates, LP v. Aetna Health, Inc., 167 AD3d 461 [1st Dept. 2018]). It is therefore
ORDERED, that this proceeding is dismissed.
The foregoing constitutes the order of the Court.
Dated: January 21, 2026Poughkeepsie, New YorkENTERHON. MICHAEL G. HAYES, S.C.J

Footnotes

Footnote 1:The Petition seeks an Order that the Court's date of birth determination "may be relied upon for all lawful purposes." In her Supplemental Affidavit, Petitioner clarifies "this proceeding does not seek to amend, correct, revoke, or direct any change to New York State or local record, including but not limited to any birth, death, health, or vital record." While the list provided in the Supplemental Affidavit eliminates from consideration several potential reasons for seeking this type of determination, it fails to reveal any specific purpose for which she seeks to rely upon this determination.