■ In the Matter of ROLAND CROWE et al., Individually and as Parents of IAN CROWE et al., Infants, Appellants, v F. GARTH MACFARLAND et al., Constituting the Board of Education of Canajoharie Central School District, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Walsh, Jr., J.), entered December 23, 1986 in Montgomery County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to admit petitioners' children as resident students of the Canajoharie Central School District.

Education Law § 3203 (1) (as amended by L 1985, ch 13, § 1, eff Mar. 26, 1985) provides, *inter alia,* that when the division line between adjoining school districts intersects property on which a single-family dwelling unit is located, the owner-occupant of such dwelling may designate a school in either of

such districts as the school his children will attend, with all of the school privileges afforded resident pupils, without payment of tuition. The issue on this appeal is whether petitioners qualify for this statutory designation.

Petitioners and their three children reside in a single-family dwelling situated on a four-acre parcel of land in the Town of Canajoharie, Montgomery County, which they purchased in June 1985. According to the Montgomery County real property tax map, the four-acre parcel was situated wholly within the Cherry Valley School Distrct, with the boundary line between said school district and respondent Canajoharie Central School District (hereinafter Canajoharie) running along a portion of the eastern boundary line of petitioners' land. In July 1985, petitioners gave the statutory notice designating Canajoharie as the school district of choice for their children to attend during the 1985-1986 school year. On September 26, 1985, after the children had already commenced attendance at Canajoharie, respondents rejected the designation on the premise that petitioners' property was bounded but not intersected by the boundary line between the two school districts. Respondents billed petitioners for nonresident tuition and permitted their children to attend Canajoharie for the entire 1985-1986 school year.

Petitioners purchased a 0.1-acre parcel on January 15, 1986 which adjoined their 4 acres on the east, along the boundary line separating the two school districts. The next day, petitioners executed a deed as grantors conveying the land that they previously owned and the additional parcel purchased the day before to themselves as grantees. The deed included a metes and bounds description of both the 4-acre and 0.1-acre parcels as one single parcel, and recited that the conveyance was "made for the purpose of consolidating the aforesaid two contiguous parcels of land into one description". According to Montgomery County's real property tax map, the boundary line between the two school districts now intersected petitioners' original 4 acres and the 0.1-acre plot purchased in January 1986.

In July 1986, petitioners again gave written notice to respondents designating Canajoharie for attendance by their children in the 1986-1987 school year. Respondents refused to admit the children unless the prior year's tuition bill was paid. This CPLR article 78 proceeding was commenced seeking judgment that petitioners' children be permitted to attend school at Canajoharie as residents pursuant to Education Law § 3203 (1). Pursuant to a temporary restraining order, the

children were permitted to attend school at Canajoharie pending the determination of this proceeding. In a supplemental answer, respondents pointed to the discovery of an official map in the archives of the State Education Department showing the division line between the two school districts to be considerably east of the boundary line shown on the Montgomery County real property tax map and neither intersecting nor touching any of petitioners' land. Supreme Court denied the petition, but permitted the children to complete the 1986-1987 school year. The court further denied respondents' counterclaim for nonresident tuition due from the 1985-1986 school year, without prejudice to a separate civil action in this regard. Petitioners have appealed.

We reverse. Petitioners candidly acknowledge that their main objective in purchasing the 0.1-acre parcel was to gain the designation benefits afforded by Education Law § 3203 (1) and urge that Supreme Court erred in considering motivation as a factor in gauging the statutory requirements. To support this argument, petitioners rely, in part, on an opinion letter from the Office of Counsel of the State Education Department, dated October 22, 1986, essentially stating that the motivation of an owner in purchasing an adjoining parcel which crosses a school district boundary is immaterial. Upon review of the statutory language, we agree that motivation is not a proper criterion in interpreting or applying the statute. No such qualification is included within the terms of the statute, and it is not within our prerogative to impress such a condition (see, 56 NY Jur, Statutes, § 109, at 587 [1967]). While Supreme Court expressed concern that respondents' right to tuition would be frustrated by a transaction of this nature, we simply observe that Education Law § 3203 (2) provides a mechanism to insure that any school taxes collected be forwarded to the school district actually providing the educational services.

Respondents maintain, nonetheless, that petitioners have not fulfilled the statutory requirement of owning property, on which their dwelling is situated, that is intersected by the boundary line between the two school districts, since the 4-acre and 0.1-acre parcels allegedly remained separate and distinct. Respondents emphasize Supreme Court's observation that the January 16, 1986 deed attempting to consolidate these parcels was illusory and void. Since the residence was located only on the original parcel, respondents maintain that the statutory intersection requirement has not been satisfied. Even were we to accept respondents' assertion that the January 16, 1986 deed was inoperative (cf., Real Property Law

§ 240-b [2] [conveyance from grantors to themselves authorized to change nature of tenancy interest]), petitioners do own taxable property, albeit acquired through separate deeds, on which their residence is located and through which the boundary line between the two school districts runs. While the statutory focus is on "the property on which the dwelling unit is located" (Education Law § 3203 [1]), there is no requirement that the owner-occupant acquire his interests through a single deed or at the same time. Thus, in defining the relevant taxable property owned by petitioners, we deem it appropriate to consider the entire contiguous parcel on which the residence is located, i.e., both the 4-acre and 0.1-acre parcels. According to the Montgomery County real property tax map, the boundary line between the two school districts does, in fact, intersect the contiguous parcel owned by petitioners on which their dwelling is located. As a result, the statutory requirements have been satisfied.

We further conclude that the so-called "official map" appended to respondents' supplemental answer, which ostensibly shows the school district boundary lines as of July 1, 1943, does not raise a question of fact as to whether petitioners' property is intersected by the boundary line between the two school districts. The proffered document is patently insufficient in scope and detail. Moreover, respondents have consistently relied on the accuracy of the Montgomery County real property tax map in establishing the tax liabilities of petitioners and other affected property owners. Accordingly, the petition should be granted.

Judgment reversed, on the law, with costs, and petition granted. Mahoney, P. J., Casey, Weiss and Yesawich, Jr., JJ., concur.