■ CHARLOTTE F. DOWNE et al., Respondents, v GEORGE ROTHMAN et al., Appellants. [627 NYS2d 424] —In an action, *inter alia,* to enjoin the defendants from obstructing an easement of access, the defendants appeal (1) from an order and judgment (one paper) of the Supreme Court, Suffolk County (Newmark, J.), entered July 29, 1993, which, *inter alia,* granted the plaintiffs' motion for summary judgment; declared that the easement includes the right of ingress and egress by vehicles that do not exceed 15 feet, the width of the easement area; and dismissed the defendants' counterclaims, and (2) as limited by their brief, from so much of an order of the same court, dated October 26, 1993, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order and judgment is dismissed since the order and judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The parties entered into an agreement in 1988 which reduced the width of a 25-foot-wide easement to 15 feet. The agreement provides, "With the exception of the reduction of the width of said easement and right-of-way, all other rights and obligations of the parties with respect thereto shall re-

main unchanged". Accordingly, the defendants' contention that the 1988 agreement bars trucks from traveling over the easement is without merit.

The Supreme Court properly concluded that the documentary evidence gives the plaintiffs the right to pave the 15-foot-wide easement and that a hedge on the land owned by the plaintiff Charlotte Ford Downe is not a fence or structure within the meaning of RPAPL 843.

The defendants are not entitled to the declaratory relief demanded in their counterclaims. Pursuant to CPLR 3001, "[t]he supreme court may render a declaratory judgment * * * as to the rights and other legal relations of the parties to a justiciable controversy." A justiciable controversy is a real dispute between adverse parties, involving substantial legal interests, for which a declaration of rights will have some practical effect (see, De Veau v Braisted, 5 AD2d 603, affd 5 NY2d 236; Playtogs Factory Outlet v County of Orange, 51 AD2d 772). Here, there is no dispute concerning the defendants' right to use the easements in question or the parties' obligations to maintain them.

The defendants' remaining contentions are without merit. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.