■ MICHAEL S. GOODMAN et al., Respondents, v JOSEPH (YOSIE) REISCH, Defendant, and YAFFA REISCH et al., Appellants. [631 NYS2d 890] —In an action, inter alia, for a judgment declaring that certain properties are assets of the defendant Joseph (Yosie) Reisch, the appeal is from so much of an order of the

Supreme Court, Kings County (Golden, J.), dated February 16, 1994, as denied the motion of all defendants, except Joseph (Yosie) Reisch, to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In their verified complaint dated August 17, 1993, the plaintiffs allege, *inter alia,* that on September 18, 1992, in an action commenced in the United States District Court for the Eastern District of New York, they obtained a judgment against the defendant Joseph (Yosie) Reisch (hereinafter Joseph Reisch) in the sum of $426,426.90. The plaintiffs further allege that Joseph Reisch is the true owner of all or a portion of certain properties. The plaintiffs claim that Joseph Reisch had supplied all or part of the funds for the purchase of these assets and that he had secreted these assets from his creditors by placing title thereto in the names of family or corporate nominees (hereinafter the nominees). These nominees have been named as defendants in this action. The nominees allegedly paid no consideration for the assets, and turn over all or part of the profits to Joseph Reisch.

The Supreme Court properly denied the nominees' motion to dismiss the complaint based on their claim that it did not state a cause of action for declaratory relief. The court properly recognized that it may, in its discretion, render a declaratory judgment as to the rights and other legal relations of the parties to a justiciable controversy that involves substantial legal interests, when, as here, the judgment will have some practical effect *(see,* CPLR 3001; *see also, Newburger v Lubell,* 257 NY 383, 386; *Philso Estates v Riordan,* 240 App Div 998; *cf., Downe v Rothman,* 215 AD2d 716).

Further, it cannot be said that the nominees have met their burden of establishing that the complaint misleads them " 'as to the identity of the transactions or occurrences sought to be litigated or as to the nature and elements of the alleged cause [of action]' " *(Catli v Lindenman,* 40 AD2d 714, 715).

There is no merit to the nominees' remaining contentions. Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.