■ James Chanos et al., Appellants, v MADAC, LLC, et al., Respondents, et al., Defendant. [903 NYS2d 506]—

In an action for injunctive and declaratory relief relating to an easement, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated May 22, 2009, as, upon denying, in effect, as academic, the separate motions of the defendants MADAC, LLC, DS2, LLC, and Marc Spilker, and the defendant Ninety Six Further Lane, Inc., for summary judgment, sua sponte directed dismissal of the complaint for lack of a justiciable controversy.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying, in effect, as academic, those branches of the respondents' motions which were for summary judgment dismissing the first cause of action and directing dismissal of the first cause of action for a declaratory judgment; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of those branches of the respondents' motions which were for summary judgment on the first cause of action for a declaratory judgment.

The defendants have a right-of-way easement over a 15-foot wide strip of land on the plaintiffs' property, located in the Village of East Hampton. The easement was created to provide a means of ingress and egress for the defendants to access the beach. The defendant Marc Spilker complained to the plaintiffs that their shrubbery intruded upon his right-of-way. When the plaintiffs failed to respond to Spilker's satisfaction, he began removing the hedges along the path.

The plaintiffs commenced this action against Spilker and Spilker's entities, MADAC, LLC, and DS2, LLC (hereinafter collectively Spilker), seeking a declaratory judgment and an injunction enjoining Spilker from removing their hedges. The Supreme Court granted, and then immediately vacated, a temporary restraining order. Spilker widened the path and landscaped it. The plaintiffs filed an amended complaint, also naming as defendants David Walsh and Ninety Six Further Lane, Inc. (hereinafter Further Lane), the other two landowners who have an easement over the plaintiffs' property.

Spilker and Further Lane separately moved for summary judgment. The Supreme Court denied, in effect, as academic, their motions and, sua sponte, directed dismissal of the complaint on the grounds that, since the work on the path was completed, and the defendants were not seeking to expand the path to the full 15 feet, there was no justiciable controversy.

Pursuant to CPLR 3001, "[t]he supreme court may render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy." To constitute a "justiciable controversy," there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect (*see Downe v Rothman*, 215 AD2d 716 [1995]; *De Veau v Braisted*, 5 AD2d 603 [1958], *affd* 5 NY2d 236 [1959], *affd* 363 US 144 [1960]; *Playtogs Factory Outlet v County of Orange*, 51 AD2d 772 [1976]). A controversy is said to exist where the plaintiff asserts rights which are actually challenged by the defendant (*see DeVeau v Braisted*, 5 AD2d at 603). The primary purpose of a declaratory judgment is to stabilize an uncertain or disputed jural relationship with respect to present or prospective obligations (*see Goodman v Reisch*, 220 AD2d 383 [1995]).

Here, the plaintiffs alleged that the defendants' right-of-way should be a path which is no more than four feet wide, while the defendants alleged that their easement extended over the entire 15-foot strip of land set forth in the deeds which established the easement. Consequently, a justiciable controversy exists as to the plaintiffs' first cause of action for a declaratory judgment. However, with respect to the plaintiffs' second cause of action for an injunction to prohibit the defendants from removing shrubs and hedges, the Supreme Court correctly determined that it has been rendered academic, since the hedges have been removed and replanted. Accordingly, the second cause of action was properly dismissed. Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.