STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v VALENTINA ANIKEYEVA et al., Appellants. [934 NYS2d 196]—

The plaintiff commenced this action seeking, among other things, a judgment declaring that it had no obligation to pay no-fault claims submitted to it by the defendants Ava Acupuncture, P.C., Crossbay Acupuncture, P.C., Ditmas Acupuncture, P.C., Downtown Acupuncture, P.C., East Acupuncture, P.C., Empire Acupuncture, P.C., First Help Acupuncture, P.C., Great Wall Acupuncture, P.C., Lexington Acupuncture, P.C., Madison Acupuncture, P.C., Midborough Acupuncture, P.C., Midwood Acupuncture, P.C., New Era Acupuncture, P.C., N.Y. First Acupuncture, P.C., North Acupuncture, P.C., and VA Accutherapy Acupuncture, P.C. (hereinafter collectively the professional corporation defendants). The first cause of action sought a judgment declaring that the professional corporation defendants were unlawfully incorporated and, thus, ineligible to collect or recover no-fault benefits. The second cause of action sought a judgment declaring that the services provided by the professional corporation defendants were performed by independent contractors or other nonemployees, and that the professional corporations were, therefore, not entitled to collect or recover no-fault benefits.

The professional corporation defendants, along with the defendants Valentina Anikeyeva and Andrey Anikeyev (hereinafter collectively the defendants), moved, among other things, pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action for failure to state a cause of action. In an order entered September 3, 2010, the Supreme Court, inter alia, denied those branches of the defendants' motion. We affirm the order insofar as appealed from.

"In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must afford the pleading a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Integrated Constr. Servs., Inc. v Scottsdale Ins. Co.*, 82 AD3d 1160, 1162 [2011] [internal quotation marks omitted]).

"A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (*Staver Co. v Skrobisch*, 144 AD2d 449, 450 [1988]; *see Rockland Light & Power Co. v City of New York*,

289 NY 45, 51 [1942]; *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2011]; *Law Research Serv. v Honeywell, Inc.*, 31 AD2d 900, 901 [1969]; *see also* 5-3001 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3001.13).

Accordingly, where a cause of action is sufficient to invoke the court's power to "render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001; *see* 3017 [b]), a motion to dismiss that cause of action should be denied (*see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.*, 20 NY2d 317, 325 [1967]; *Rockland Light & Power Co. v City of New York*, 289 NY at 51; *Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150; *Staver Co. v Skrobisch*, 144 AD2d at 450; *Ackert v Union Pac. R. R. Co.*, 4 AD2d 819, 821 [1957]; *see also* 5-3001 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.13).

Here, contrary to the defendants' contention, the allegations in the first and second causes of action presented justiciable controversies sufficient to invoke the Supreme Court's power to render a declaratory judgment (*see* CPLR 3001; *Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d 585, 587 [2009]; *cf. State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 321 [2005]; *One Beacon Ins. Group, LLC v Midland Med. Care, P.C.*, 54 AD3d 738, 740 [2008]; *A.M. Med. Servs., P.C. v Progressive Cas. Ins. Co.*, 22 Misc 3d 70, 71 [2008]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Mastro, J.P., Dillon, Cohen and Miller, JJ., concur.