■ Steven Palm et al., Appellants, v Tuckahoe Union Free School District et al., Respondents, et al., Defendants. [944 NYS2d 291]—

In an action, inter alia, for a judgment declaring that the plaintiffs may designate the Tuckahoe Union Free School District as their school district pursuant to Education Law § 3203 (1), the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), entered June 10, 2011, as granted that branch of the motion of the defendants Tuckahoe Union Free School District and Tuckahoe Board of Education which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action and denied that branch of their cross motion which was for summary judgment on the complaint insofar as asserted against those defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Tuckahoe Union Free School District and Tuckahoe Board of Education which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the respondents.

The plaintiff Steven Palm commenced this action, individually and as Chairman of the Board of the Pasadena Green Condominium Association (hereinafter the Pasadena) on behalf of the owners of units in a 28-unit condominium (hereinafter collectively the plaintiffs) located in Bronxville. The action was commenced against, among others, the Tuckahoe Union Free School District (hereinafter the Tuckahoe District) and the Tuckahoe Board of Education (hereinafter together the school defendants). The plaintiffs alleged that, as owners in the Pasadena, they elected to exercise their statutory right of election by designating the Tuckahoe District as their school district of choice, which the school defendants denied them, despite the fact that the Pasadena paid school taxes to the Tuckahoe District for over 28 years and the plaintiffs relied on the school defendants' representations that this right of election was available to owners of units in the Pasadena.

The first cause of action is for a judgment declaring that the plaintiffs live in a "borderline property" which gives them the attendant right under Education Law § 3203 (1) to designate the Tuckahoe District as their school district of choice. The second cause of action is for a judgment declaring that the school defendants are equitably estopped from denying the plaintiffs

the option of choosing the Tuckahoe District as their school district of choice. The school defendants served a pre-answer motion to dismiss the complaint insofar as asserted against them, inter alia, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. The plaintiffs cross-moved for summary judgment on the complaint insofar as asserted against the school defendants. The Supreme Court, inter alia, granted that branch of the school defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action based on the absence of allegations setting forth "any real and substantial controversy" between the parties.

In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1136 [2010]). Pursuant to CPLR 3001, "[t]he supreme court may render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001), for the primary purpose of "stabiliz[ing] an uncertain or disputed jural relationship with respect to present or prospective obligations" (*Chanos v MADAC, LLC*, 74 AD3d 1007, 1008 [2010]). The sole consideration in determining a pre-answer motion to dismiss a declaratory judgment action is "whether a cause of action for declaratory relief is set forth, not . . . whether the plaintiff is entitled to a favorable declaration" (*State Farm Mut. Auto. Ins. Co. v Anikeyeva*, 89 AD3d 1009, 1010 [2011] [internal quotation marks omitted]; *see Rockland Light & Power Co. v City of New York*, 289 NY 45, 51 [1942]; *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2011]). Therefore, the allegations must demonstrate the existence of a bona fide justiciable controversy (*see State Farm Mut. Auto. Ins. Co. v Anikeyeva*, 89 AD3d at 1011; *T.V. v New York State Dept. of Health*, 88 AD3d 290, 306 [2011]; *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150), defined as "a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect" (*Chanos v MADAC, LLC*, 74 AD3d at 1008; *see Goodman v Reisch*, 220 AD2d 383, 384 [1995]).

Education Law § 3203 (1) (hereinafter the Education Law) provides: "The owner of taxable property that is so located that the boundary line between two school districts intersects (a) the

dwelling on said property or (b), in the case of an owner-occupied single family dwelling unit, the property on which the dwelling unit is located may designate the school in either of such districts to which the children lawfully residing in said dwelling on said property shall attend."

Here, the plaintiffs alleged that they are the owners of single-family dwelling units located on boundary line property within the meaning of the Education Law, the school defendants have represented to the plaintiffs that their dwellings are located on boundary line property, the plaintiffs have paid school taxes in the Tuckahoe District and exercised their right to designate it as the school district of their choice pursuant to the Education Law, and the school defendants subsequently denied them this right. Contrary to the school defendants' contention, the allegations in the first and second causes of action present justiciable controversies sufficient to invoke the Supreme Court's power to render a declaratory judgment (*see* CPLR 3001) and required the denial of that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) (*see Chanos v MADAC, LLC*, 74 AD3d at 1008; *State Farm Mut. Auto. Ins. Co. v Anikeyeva*, 89 AD3d at 1011; *Goodman v Reisch*, 220 AD2d at 384).

The Supreme Court denied the plaintiffs' cross motion for summary judgment upon its determination that the complaint failed to present a justiciable controversy. We agree with the Supreme Court's determination denying the cross motion, albeit on different grounds. With respect to the first cause of action, the plaintiffs failed to make a prima facie showing of entitlement to a declaratory judgment as a matter of law by eliminating triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), including whether the boundary line between the two school districts intersects real property owned by the plaintiff owners of single-family dwelling units in order to qualify their homes as boundary properties within the meaning of the Education Law (*cf. Matter of Crowe v MacFarland*, 138 AD2d 788 [1988]).

With respect to their second cause of action for a judgment declaring that the school defendants are equitably estopped from denying their right to designate a school district under the Education Law, we note that estoppel is generally not available against a municipal defendant with regard to the exercise of its governmental functions or its correction of an administrative error (*see Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33 [1984]; *Agress v Clarkstown Cent. School Dist.*, 69 AD3d 769, 771 [2010]; *Conquest Cleaning Corp. v New York City*

*School Constr. Auth.*, 279 AD2d 546 [2001]). However, an exception to the general rule applies in "exceptional circumstances" involving the "wrongful or negligent conduct" of a governmental subdivision, or its "misleading nonfeasance," which "induces a party relying thereon to change his position to his detriment" resulting in "manifest injustice" (*Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d 741, 744 [1985]; *see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Agress v Clarkstown Cent. School Dist.*, 69 AD3d at 771).

Here, with respect to the second cause of action, the plaintiffs failed to establish prima facie entitlement to a declaratory judgment as a matter of law by eliminating triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). The evidence they submitted, which included, inter alia, school tax payments to the Tuckahoe District for the 2009-2010 school year and various communications between representatives of the school defendants and certain unit owners at the Pasadena with respect to their designation of the Tuckahoe District, did not eliminate triable issues of fact as to whether there are "exceptional circumstances" here (*see Agress v Clarkstown Cent. School Dist.*, 69 AD3d at 771; *cf. Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d at 744). Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.