Parker v Hilton (2024 NY Slip Op 06456)

Parker v Hilton

2024 NY Slip Op 06456

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

803 CA 24-00159

[*1]JOSEPH PARKER, AND ALL THOSE SIMILARLY SITUATED WITHIN OSWEGO COUNTY, PLAINTIFF-RESPONDENT,
v
DON HILTON, IN HIS CAPACITY AS SHERIFF FOR OSWEGO COUNTY, DEFENDANT-APPELLANT. 

RICHARD C. MITCHELL, COUNTY ATTORNEY, OSWEGO, FOR DEFENDANT-APPELLANT.
LOUIS R. LOMBARDI, PUBLIC DEFENDER, OSWEGO, FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered January 22, 2024. The judgment, insofar as appealed from, denied in part the motion of defendant to dismiss the complaint and granted plaintiff judgment declaring that CPL 530.20 (2) (a) applies only to qualifying offenses enumerated in CPL 510.10 (4). 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, the declaration is vacated, and the complaint is dismissed.
Memorandum: Plaintiff, on behalf of himself and all those similarly situated within Oswego County, commenced this declaratory judgment action against defendant Don Hilton, in his capacity as Sheriff for Oswego County (Sheriff). Plaintiff alleged that, following his arraignment on the class E felony of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]) and other charges, City Court issued a securing order that committed him to the custody of the Sheriff on the basis of CPL 530.20 (2) (a) (double predicate provision). The double predicate provision states that a city, town, or village court (hereinafter, local court) may not order release on recognizance or bail when the criminal defendant, like plaintiff, has two previous felony convictions. Plaintiff further alleged that the double predicate provision conflicts with CPL 510.10 (4) (qualifying offense provision), which limits the court's ability to issue a securing order imposing bail or remand to situations in which the criminal defendant stands charged with an enumerated qualifying offense (see also CPL 510.10 [3]). Although plaintiff was subsequently released, he sought a declaration that the practice of assigning a local court to arraign a criminal defendant with two previous felony convictions violates the constitutional rights of the accused because local courts lack the ability to order release or set bail under those circumstances. In the alternative, plaintiff contended that the double predicate provision and the qualifying offense provision must be read harmoniously to allow a local court to issue a securing order of release on recognizance or bail where, as in plaintiff's case, the criminal defendant is charged with a non-qualifying offense.
The Sheriff made a pre-answer motion to dismiss the complaint (denominated petition) for, inter alia, failure to state a cause of action (see CPLR 3211 [a] [7]). The Sheriff contended, in relevant part, that plaintiff failed to state a cause of action because there was no justiciable controversy between plaintiff and the Sheriff given that the Sheriff had no authority over arraignment procedures or the terms of securing orders.
Supreme Court determined that plaintiff failed to state a cause of action insofar as he alleged that the practice of arraigning him and similarly situated criminal defendants in local [*2]court violated their constitutional rights, and the court thus dismissed the complaint in that respect. The court nonetheless determined that plaintiff stated a viable claim as to the interpretation and application of the double predicate provision in light of the qualifying offense provision enacted as part of bail reform. With respect to the justiciability of that claim, the court acknowledged that "[t]he heart of the dispute is not any action taken by the Sheriff but rather whether the local . . . court must remand a given [criminal] defendant such as [plaintiff] to the custody of the Sheriff under the [d]ouble [p]redicate [provision]." The court reasoned, however, that "[s]uch a remand renders the Sheriff a party adverse to whatever rights [plaintiff] possessed under the [d]ouble [p]redicate [provision] and related bail statutes although this is through no fault of the Sheriff." On the merits, the court adopted the analysis in People ex rel. Bradley v Baxter (79 Misc 3d 988 [Sup Ct, Monroe County 2023]), and it thus determined that the double predicate provision must be read in conjunction with the qualifying offense provision. Consequently, the court denied the motion in part and declared that the double predicate provision shall apply only to qualifying offenses enumerated in the qualifying offense provision. The Sheriff appeals, contending that the court should have granted his motion in its entirety because, contrary to the court's determination, no justiciable controversy exists between himself and plaintiff. We agree.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]). Consistent therewith, "[S]upreme [C]ourt may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001). "A declaratory judgment action thus requires an actual controversy between genuine disputants with a stake in the outcome, and may not be used as a vehicle for an advisory opinion" (Carousel Ctr. Co., LP v Kaufmann's Carousel, Inc., 191 AD3d 1481, 1482 [4th Dept 2021] [internal quotation marks omitted]; see Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 518 [1986], cert denied 479 US 985 [1986]; New York Pub. Interest Research Group v Carey, 42 NY2d 527, 529-532 [1977]; see also Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3001:3). Consequently, at the first step in analyzing a pre-answer motion to dismiss a declaratory judgment action for failure to state a cause of action, "the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether [any party] is entitled to a [particular] declaration" (Matter of Kerri W.S. v Zucker, 202 AD3d 143, 154 [4th Dept 2021], lv dismissed 38 NY3d 1028 [2022], lv denied 42 NY3d 905 [2024] [internal quotation marks omitted]; see Hallock v State of New York, 32 NY2d 599, 603 [1973]). To survive such a motion, "[t]he plaintiff's allegations must demonstrate the existence of a bona fide justiciable controversy, defined as a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect" (Salvador v Town of Queensbury, 162 AD3d 1359, 1360 [3d Dept 2018] [internal quotation marks omitted]; see Palm v Tuckahoe Union Free School Dist., 95 AD3d 1087, 1089 [2d Dept 2012]; Florence v Krasucki, 78 AD2d 579, 579 [4th Dept 1980], lv denied 52 NY2d 705 [1981]; see generally New York Pub. Interest Research Group, 42 NY2d at 529-532). If there is no justiciable controversy, "the CPLR 3211 (a) (7) motion should be granted, the complaint dismissed, and no declaration issued" (Kerri W.S., 202 AD3d at 154).
We conclude that plaintiff's allegations fail to "demonstrate the existence of a bona fide justiciable controversy" inasmuch as there is no "real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect" (Salvador, 162 AD3d at 1360 [internal quotation marks omitted]). As the court recognized, "[t]he heart of the dispute is not any action taken by the Sheriff but rather whether the local . . . court must remand a given [criminal] defendant such as [plaintiff] to the custody of the Sheriff." Contrary to the court's further reasoning, however, the Sheriff's adherence to a securing order does not render him an adverse party to plaintiff for purposes of an action seeking a declaration that the statutory scheme prohibits a local court from issuing a securing order remanding to jail a criminal defendant who is not charged with a qualifying offense. Indeed, for a justiciable controversy to exist between these parties, the Sheriff "must be in a position to place . . . plaintiff's rights in jeopardy" (De Veau v Braisted, 5 AD2d 603, 606 [2d Dept 1958], affd 5 NY2d 236 [1959], affd 363 US 144 [1960]; see Chanos v MADAC, LLC, 74 AD3d 1007, 1008 [2d Dept 2010]; Board of Coop. Educ. Servs., Nassau County v Goldin, 38 AD2d 267, 272 [2d Dept 1972], lv denied 30 NY2d 486 [1972]). Here, however, the Sheriff—as an officer of the [*3]court—lacks any discretionary authority over a securing order issued by a court and is mandated to abide by the terms of any such order (see e.g. County Law § 650; General Construction Law § 28-a), i.e., the Sheriff has no authority to affect the remand of a criminal defendant to jail by disregarding a court-issued securing order (see Salvador, 162 AD3d at 1361). Plaintiff's real dispute is with the local court that issues a securing order ostensibly in violation of the qualifying offense provision, not with the Sheriff who is bound to obey the securing order. Where, as here, "there is no genuine dispute between the parties, the courts are precluded, as a matter of law, from issuing a declaratory judgment" (Winkler v Spinnato, 134 AD2d 66, 81 [2d Dept 1987], affd 72 NY2d 402 [1988], cert denied 490 US 1005 [1989]).
Plaintiff nonetheless asserts that our conversion in People ex rel. Bradley v Baxter (203 AD3d 1576 [4th Dept 2022]) of an original habeas corpus proceeding against another sheriff to a declaratory judgment action necessarily means that we determined that there was a justiciable controversy between the criminal defendant and the sheriff therein. Plaintiff is not correct. Whether there was a justiciable controversy between the criminal defendant and the sheriff was not before us in Bradley because that case did not involve a motion to dismiss. Rather, we merely converted the form of the lawsuit from a proceeding for habeas corpus relief to an action for declaratory judgment, at which point we were instantly deprived of subject matter jurisdiction and were compelled to transfer the action to Supreme Court (see Bradley, 203 AD3d at 1576). The sheriff in Bradley would thereafter have been free to move before Supreme Court to dismiss the declaratory judgment action on any available ground, including for lack of a justiciable controversy, but that issue was not before us in that case. Consequently, our determination in Bradley does not, contrary to plaintiff's assertion, compel the conclusion that there is a justiciable controversy between plaintiff and the Sheriff here.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court